UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Guillermina Flores, *Plaintiff*, v. Costco Wholesale Corp., Brian Lasecki, Tony Sandoval, and Nader Kardach, *Defendants* | No. 25 CV 3656 Judge Lindsay C. Jenkins |

**MEMORANDUM OPINION AND ORDER**

Guillermina Flores was injured when she tripped over an unsafely placed pallet of flowers at a Costco store in Orland Park, Illinois. She brings premises liability and negligence claims against Costco, as well as a negligence claim against three of its employees: Brian Lasecki, Tony Sandoval, and Nader Kardach.

The employee defendants move to dismiss the negligence claim (Count III) against them. [Dkt. 29.][1] Flores also moves to remand the case to state court. [Dkt. 31.] For the following reasons, the court denies the motion to dismiss and grants the motion to remand.

**I.  Background[2]**

Flores worked at Native Sons Wholesale Nursery, which operated at Costco's Orland Park, Illinois location. [Dkt. 29, ¶ 5.] Native Sons delivered flowers to the Costco store on pallets, and Costco employees were responsible for moving the pallets from Native Sons' delivery truck into the store aisles via forklift. [*Id.*, ¶¶ 6-7.] On March 9, 2024, one or more of the defendant employees placed a flower pallet about one foot away from aisle 38's shelving, leaving too little room for Flores to safely maneuver as she unloaded the flowers onto the shelves. [*Id.*, ¶¶ 9-12.] Flores's foot became caught on the pallet, causing her to trip, fall, and sustain injuries. [*Id.*]

On March 4, 2025, Flores filed this suit against Costco alone in the Circuit Court of Cook County. [*See* Dkt. 1-1.] Costco removed the case to federal court on

---

[1]  Citations to docket filings generally refer to the electronic pagination provided by CM/ECF, which may not be consistent with page numbers in the underlying documents.
[2]  The following factual allegations are taken from Flores's amended complaint [Dkt. 29] and accepted as true for the purposes of the motion. *Smith v. First Hosp. Lab'ys, Inc.*, 77 F.4th 603, 607 (7th Cir. 2023). In setting forth the facts at the pleading stage, the court does not vouch for their accuracy. *See Goldberg v. United States*, 881 F.3d 529, 531 (7th Cir. 2018).

1

diversity jurisdiction grounds, 28 U.S.C. § 1332(a), citing its citizenship in the state of Washington and Flores's citizenship in Illinois. [Dkt. 1 at 2–3.] Following some limited jurisdictional discovery, Flores filed an amended complaint adding the three forklift drivers employed by Costco as defendants, Lasecki, Sandoval, and Kardach, and adding a claim for negligence against them. [Dkt. 29 at 4 (Count III).] Flores alleges the employee defendants "a) negligently placed the pallets of flowers in aisle 38; or b) failed to move the pallets of flower a safe distance from the shelving; or c) failed to maintain the aisle free from hazards, or d) failed to oversee placement of pallets," and that this negligence was the proximate cause of her unspecified injuries.

The individual employees move to dismiss Count III under Rule 12(b)(6), and Flores moves to remand based on a lack of complete diversity between the parties.

## II. Legal Standard

A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of a plaintiff's claims. To survive a motion to dismiss under Rule 12(b)(6), "a complaint's factual allegations 'must be enough to raise a right to relief above the speculative level.'" *Emerson v. Dart*, 109 F.4th 936, 941 (7th Cir. 2024) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). This occurs when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Garrard v. Rust-Oleum Corp.*, 575 F. Supp. 3d 995, 999 (N.D. Ill. 2021) (quoting *Boucher v. Fin. Sys. of Green Bay, Inc.*, 880 F.3d 362, 366 (7th Cir. 2018)). The court accepts as true all well-pleaded allegations set forth in Flores's complaint and draws all reasonable inferences in her favor. *Thomas v. Neenah Joint Sch. Dist.*, 74 F.4th 521, 522 (7th Cir. 2023); *Reardon v. Danley*, 74 F.4th 825, 826- 27 (7th Cir. 2023). However, conclusory allegations are insufficient to avoid dismissal. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

A defendant may remove an action filed in state court when the action could have been brought in federal court in the first place. 28 U.S.C. § 1441(a). In this personal injury case, the parties agree that removal was premised on diversity jurisdiction. It is undisputed that the three newly added individual defendants are residents of Illinois and thus its citizens for the purposes of assessing diversity, but removal based on diversity jurisdiction requires that the parties be of complete diversity of state citizenship. 28 U.S.C § 1332; *Schur v. L.A. Weight Loss Ctrs., Inc.*, 577 F.3d 752, 758 (7th Cir. 2009). Complete diversity of citizenship occurs when all parties "on one side of the controversy are citizens of different states from all parties on the other side." *City of Indianapolis v. Chase Nat. Bank of City of New York*, 314 U.S. 63, 69 (1941). The court resolves any doubts regarding removal in favor of the plaintiff's choice of forum in state court. *Morris v. Nuzzo*, 718 F.3d 660, 668 (7th Cir. 2014). "As the party seeking removal, [Costco] bears the burden of establishing federal jurisdiction." *Tri-State Water Treatment, Inc. v. Bauer*, 845 F.3d 350, 352 (7th Cir. 2017).

### III. Analysis

The employee defendants argue that Count III should be dismissed because they did not owe Flores an independent duty of care that could give rise to a colorable negligence claim. [Dkt. 36.] Flores's motion to remand asserts that the court lacks subject matter jurisdiction because the individual defendants, like her, are citizens of Illinois, so diversity is not complete. [Dkt. 31 at 1.] For its part, Costco maintains that the individual defendants were improperly joined and that complete diversity of citizenship is satisfied once they are dismissed from the case. [Dkt. 38.] Put differently, if and only if the employee defendants belong in the case, then the case belongs in state court.

At bottom, then, the motions share one issue: whether Flores sufficiently pled a plausible cause of action against the individual defendants Lasecki, Sandoval, and Kardach. She did.

#### A. Dismissal

Because the case is proceeding under diversity jurisdiction, state substantive tort law applies—here, that of Illinois. *See Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 82 (1938); *Perez v. Staples Cont. & Com. LLC*, 31 F.4th 560, 570 (7th Cir. 2022). And under Illinois law, "[t]he elements of a negligence cause of action are [1] a duty owed by the defendant to the plaintiff, [2] a breach of that duty, and [3] an injury [4] proximately caused by the breach." *Scott v. Wendy's Props., LLC*, 131 F.4th 815, 819 (7th Cir. 2025) (citing *Johnson v. Armstrong*, 211 N.E.3d 355, 371 (Ill. 2022)). For a negligence claim to survive a motion to dismiss for failure to state a cause of action, "the complaint must set out the existence of a duty owed by the defendant to the plaintiff, a breach of that duty and an injury proximately resulting from the breach." *Bescor, Inc. v. Chicago Title & Tr. Co.*, 446 N.E.2d 1209, 1212 (Ill. 1983). The complaint "must allege facts from which the law will raise a duty," and that duty must be "ow[ed] to the person injured." *Id.*

"Whether a duty exists is a question of law." *Schur*, 577 F.3d at 766 (citing *Widlowski v. Durkee Foods, Div. of SCM Corp.*, 562 N.E.2d 967, 968 (Ill. 1990)). "To determine whether an individual owed a duty to another, a court considers whether the risk of harm was reasonably foreseeable." *Id.* (citing *Widlowski*, 562 N.E.2d at 968). "[W]here a tort is alleged directly against the principal for its own misconduct, we may not impute a duty the principal owed to a third party to an agent merely acting pursuant to duties it, in turn, owed to the principal." *Schur*, 577 F.3d at 766 (citing *Bovan v. Am. Family Life Ins. Co.*, 897 N.E.2d 288, 295 (2008)); *see also Stein v. Rio Parismina Lodge*, 695 N.E.2d 518, 522 (1998) ("While the acts of an agent may be considered to be acts of the principal, acts of the principal are never imputed to the agent.") (internal quotation marks omitted).

3

The employee defendants contend that because Flores "has merely realleged the counts levied against Costco in Count II" against them in Count III, she has not alleged facts that would give rise to an independent duty of care. [Dkt. 36 at 4.] While it is true that "[t]he work of moving any pallets would have been completed in the employees' course of employment," *see id.*, "[a] person is not absolved of personal liability to a third person on account of his or her negligence or other wrongful act merely because at the time such person was acting as an employee within the scope of the employment." *Schur*, 577 F.3d at 765. The fact that an employee was working "may give rise to vicarious liability of the employer [] but it does not immunize the employee from personal liability." *Majewski v. Dick's Sporting Goods, Inc.*, 2021 WL 76819, at *4 (N.D. Ill. Jan. 8, 2021) (cleaned up) ("Being on the clock does not mean that an employee is off the hook.")

Rather, it is "well settled that every person owes a duty of ordinary care to all others to guard against injuries which naturally flow as a reasonably probable and foreseeable consequence of an act, and such a duty does not depend upon contract, privity of interest or the proximity of relationship, but extends to remote and unknown persons." *Widlowski*, 562 N.E.2d at 968. And "an agent can be individually liable even where his employer is also vicariously liable." *Schur*, 577 F.3d at 765; *see Fortech, L.L.C. v. R.W. Dunteman Co.*, 852 N.E.2d 451, 456 (2006) (noting that an agent's tort liability "is normally unaffected by the fact that he is an agent or servant") (internal quotation marks omitted). An employee may be liable for injury to a third party to the extent that he is an "active tortfeasor": someone who "caused the incident or actively contributed to the act which caused the incident." *Sandling v. Urb. Air Trampoline & Adventure Park*, No. 2025 WL 1282730, at *6 (N.D. Ill. May 2, 2025) (internal quotation marks omitted).

Here, Flores does not contend that the employee defendants breached a duty owed solely to Costco. Nor does her complaint state a generalized failure of oversight with respect to the entire store or employees who were not active tortfeasors. *See, e.g.*, *Roh v. Starbucks Corp.*, 2015 WL 232374, at *1 (N.D. Ill. Jan. 14, 2015) (holding that a general manager did not owe a duty simply because she "was responsible for overseeing the safety, maintenance, and operations of the area"); *Engelman v. Hogan*, 2022 WL 159733, at *4 (N.D. Ill. Jan. 18, 2022) (holding that a store manager was not liable where plaintiff did not allege that he contributed to the condition of uneven metal grates that she slipped on).

Instead, she alleges that the individual employees breached a duty of ordinary care while at work—by failing to place or move the pallet of flowers a safe distance from the shelving, to maintain hazard-free aisles, and to oversee the placement of the pallets—thus contributing to her injuries as active tortfeasors. [Dkt. 28 at 2, 4.] *See, e.g.*, *Brady v. Menard, Inc.*, 2017 WL 201375, at *2 (N.D. Ill. Jan. 18, 2017) (noting that "failure to properly stack the wood or tie down the product, could present individual liability for the negligently stacking or tying employee" where a display of wood posts fell on the plaintiff). Though Flores ultimately will need to show more, at

4

the pleading stage, her amended complaint provides sufficient detail to plausibly allege that the employee defendants could be held liable under Illinois negligence principles.

### B. Joinder and Remand

In response to the motion to remand, Costco contends that Flores improperly joined the employee defendants for the sole purpose of destroying complete diversity. This, it argues, is apparent because "Plaintiff has not pled a legally cognizable claim under the state laws of Illinois," so "there is "no 'reasonable possibility' of prevailing against the employee defendants." [Dkt. 38 at 12.] But as discussed above, Flores has pled a cognizable claim of negligence under Illinois state law.

Costco also argues fraudulent joinder, which requires a defendant to demonstrate that, "after resolving all issues of fact *and law* in favor of the plaintiff, the plaintiff cannot establish a cause of action against the in-state defendant." *Schur*, 577 F.3d at 764 (emphasis in original) (quoting *Poulos v. Nass Foods, Inc.*, 959 F.2d 69, 73 (7th Cir. 1992)). Despite the doctrine's name, whether a party is considered fraudulently joined depends on the chance of success on the merits, not a plaintiff's motives. *See id.* at 763 n.9 (noting that a typical ground for fraudulent joinder is that a plaintiff brings a claim against a nondiverse defendant "that simply has no chance of success, whatever the plaintiff's motives"). Indeed, some courts suggest that the burden is even more favorable to a plaintiff than the standard for a motion to dismiss. *Id.*; *see also see Mayes v. Rapoport,* 198 F.3d 457, 464 (4th Cir. 1999); *Batoff v. State Farm Ins. Co.,* 977 F.2d 848, 852 (3d Cir.1992) (noting that a Rule 12(b)(6) inquiry "is more searching than that permissible when a party makes a claim of fraudulent joinder"). In the end, the district court must ask: "is there any reasonable possibility that a state court would rule against the non-diverse defendant?" *Poulos*, 959 F.2d at 73.

Costco emphasizes that the "fraudulent joinder doctrine is not *dispositive* of whether joinder is improper" in the post-removal context and urges the court to approach the analysis as "simply another tool" in assessing whether joinder is appropriate. But this argument makes no difference given the viability of Count III. [Dkt. 38 at 4 (quoting *Schur,* 577 F.3d at 764.)] Here, the court cannot say that Flores's claim against the employee defendants has no "reasonable possibility" of success. *Compare Alanis v. Home Depot U.S.A., Inc.*, 2024 WL 383465 (N.D. Ill. Feb. 1, 2024) (remanding where plaintiff who was injured tripping over a tree sufficiently alleged that individual employees "improperly placed a tree with its trunk protruding into the aisle"), *Majewski*, 2021 WL 76819 (remanding where injured plaintiff had colorable claim against the store manager), *and Imber v. Home Depot U.S.A., Inc.*, 2024 WL 383465 (N.D. Ill. 2018) (remanding where plaintiff sufficiently alleged that an employee caused his injury by negligently instructing him to remove a safety component), *with Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92, 97 (1921) (finding fraudulent joinder where "the plaintiff personally and intimately knew every person

5

who could by any possible chance have caused his injuries and knew the [co-employee] was not in any degree whatsoever responsible therefor"), *and Faucett v. Ingersoll-Rand Mining & Machinery Co.*, 960 F.2d 653, 655 (7th Cir. 1992) (finding fraudulent joinder where an employee presented an uncontradicted affidavit "stating that he has had absolutely nothing to do" with the tool at issue).

Because Flores has pled a colorable cause of action against the non-diverse employee defendants, joinder was proper and complete diversity of state citizenship is lacking.

### IV. Conclusion

The motion to dismiss is denied. Because the individual defendants were properly joined, the court lacks subject matter jurisdiction, and the motion to remand is granted.

Enter: 25-cv-3656
Date: October 28, 2025

_____
Lindsay C. Jenkins

6